May it please the Court. My name is Gillian Wilcox and I represent Grand Juror Doe. This case asks the following question. To what extent does the government's unprecedented public disclosure of grand jury evidence, including transcripts, as well as the government's own public statement editorializing that evidence and process, diminish the interest in secrecy that would ordinarily prohibit a grand juror from publicly discussing anything related to the grand jury proceeding? There are three guiding elements that drive this analysis. This is on appeal from a motion to dismiss. So the standard of review is important and the standard of review applied by the trial court. These are highly unusual circumstances where, in the context of this case, the secrecy interests have been diminished. And this is an as-applied First Amendment challenge to a content-based speech restriction. The trial court erred in dismissing Doe's complaint and applied a flawed balancing based on some but not all of the allegations and did not look at the complaint as a whole in the light most favorable to Grand Juror Doe. Under a notice pleading standard, all that was required was a short and plain statement of the claim, showing that relief is plausible on its face. A claim that allows the court to draw reasonable inferences that the defendant is liable. There was no requirement of detailed factual findings or any more specificity than what was alleged in this case. What was alleged were not legal conclusions. There was enough specificity in the allegations to raise a claim, and the trial court should have looked at those in the light most favorable to Grand Juror Doe and did not do so here. There must be a proper balancing viewing the facts in this light. Doe's request here was not unlimited. Doe challenges a law that prohibits her from disclosing any information related to the grand jury proceeding. And it is for the district court to determine what she can disclose after conducting the proper balancing. There may be certain categories of speech that could be limited. But the trial court here viewed the allegations as if Doe was wanting to say an unlimited amount of speech, and that is simply not the case. Does not ask to disclose the names of other jurors or how they individually voted. She has asked only to share her experience and opinions. And while the allegations did reference prior proceedings, there's been no allegation that she wants to disclose the names of witnesses or votes that occurred in those other proceedings. I believe in the Poison Counsel's brief, there is some language to say she wanted to disclose witness names, but that's simply not the case, and the allegations that the brief directs it to do not support that claim. What is important is what the government did in this case, which is unprecedented, and what the government said in this case, which was a public statement interpreting, characterizing, and editorializing what was in front of this grand jury. And the government did not just release documents or transcripts, but instead came out and interpreted what was before the grand jury. And now the only group of people, including our client who can come out and speak up about what was said, are still silenced. Does the complaint allege that the prosecutor released transcripts from the grand jury proceeding? Yes. But redacting the names of the witnesses. That's correct. So the entire proceeding was transcribed, which in itself is unprecedented. And then all of those, over 20 volumes that are in the Exhibit C, I think, that was attached to the petition with this court, have all of those volumes of transcripts. And then also autopsy reports, written witness statements, and the redactions did include witness names and identifying information of witnesses, for the most part. There are a couple witnesses whose names are in that evidence. One issue with how the government characterized the evidence is that the government said it was a collective decision, implying that the grand jury agreed to some extent. Our client would like to speak out about a disagreement with that characterization of how the grand jury came to its decision. There were five separate, I believe, five indictments presented with five different charges they could indict on. And so to say that, to come out and say that it was a collective decision of the grand jury, is an interpretation that the public could read as the grand jury agreeing on everything on all five of those charges. The government publicly summarized what was presented in a way that suggested how the jurors viewed the evidence as a group. And there were over 60 witness interviews, reports, forensic evidence, and other interviews, in addition to these thousands of pages of transcript. Grand jury recognizes there are secrecy interests here, and that traditionally those interests are very compelling, and may, in every traditional sense, come to a conclusion of secrecy. Those interests, as the cases I've said of the Supreme Court, are prospective witnesses hesitant to come forward, voluntarily, witnesses are less likely to be fully and frankly, testify fully and frankly for fear of retribution. A risk that those about to be indicted would flee or try to influence votes, which in this case now is not applicable. As we all know, this was the proceeding for Darren Wilson, and everyone already is aware of it. I would ask, though, that someone who the grand jury has decided not to charge, that that person's integrity, reputation, whatever, not be further impugned when there are no charges that are going to come forth. I think in any other case- Isn't that almost, at least in large part, what your client seeks to discuss? In this case, as an as-applied challenge, that specific interest is completely diminished by the fact that that suspect's name, who is not indicted, is already in the public sphere. So everyone knows that this was the investigation into Darren Wilson and his reputation based on that. Our client speaking out about it is not going to do any more harm than what's already been done in the public. So the government put his name out there, not our client. And at this point, our client is silenced from saying anything. Our client cannot even confirm publicly that it was Darren Wilson. But if a grand jury comes out and says, I was part of this grand jury, and I think he should have been charged, wouldn't that impugn further the person's reputation? What's important here is that the trial court needs to look at specifically what our client wants to say and balance that against these interests and secrecy. And that simply wasn't done. Did you present any, I don't know, list of items that your client wanted to discuss so the court might be able to consider what would and wouldn't be acceptable? We were not given that opportunity. And what we're asking for is to vacate the granting of dismissal, remand it so that that can happen. You weren't prevented from doing that in response to the motion to dismiss, were you? If our client were to come forward at that time and that that was not offered to our client, then more specificity in what she wanted to say could violate the oath by just providing that. So we would like to be remanded for the opportunity to develop a record so that the court can then look at those specific statements or specific things she wants to say and weigh those against these secrecy interests. The last would be protecting those not indicted, which is what your Honor was just speaking of. So there are categories of speech right now that our client is prohibited from saying publicly that she was confused about the instructions. And the opinions of any juror, including herself. Confirming, in fact, that the evidence that has been released was, in fact, the evidence presented to this grand jury. Again, that Darren Wilson was the suspect. The name, Dorian Johnson, he testified, his name is in the public that he testified. Our client cannot confirm that. The name of the victim, Michael Brown's mother, Leslie L. McSpadden, is in the documents that were publicly released. Our client can't confirm that. By focusing on just some of the allegations, the District Court ignored allegations that Dole could not speak at all and instead interpreted the pleadings as a request for unlimited speech and failed to undertake this proper balancing. The government has publicly stated their position, including what was attached to our complaint, I believe Exhibit B, which is the full statement of the government. And the only people now left to challenge it are still being silenced. We would ask that this be vacated and remanded so a record can be developed. And if there are no more questions, I'll reserve the rest of my time. Very well, thank you. May it please the Court, Emily Dodge for Appellee. Grand Juror Dole has no First Amendment right to speak about information that she obtained by participating as a grand juror. No court, Dole is asking this court to create a First Amendment right that no court has recognized. Dole asked Missouri's courts to create an exception to the grand juror secrecy requirements for her. Missouri's courts denied that request. Secrecy is crucial to Missouri's grand jury process. The public, not merely the government, has an interest in grand jury secrecy, which was adopted to promote the public welfare. Like the federal constitution, the Bill of Rights in Missouri's constitution provides for grand juries. The Missouri Supreme Court has recognized that grand juries are an important part of Missouri's criminal justice system. And that the people are entitled to have grand juries proceed under the statutes that govern them. The grand jury, drawn from a fair cross section of the community, protects citizens from being indicted for felonies without probable cause. The United States Supreme Court has recognized that grand jury secrecy is as important for the protection of the innocent as for the pursuit of the guilty. There is no balancing test that applies here. Dole is asking this court to create a First Amendment right for grand jurors, and this court should not do so. Missouri has no procedure like the federal Rule 6e. The interests of witnesses, of grand jurors, of innocent persons investigated by this and other grand juries past and future, and the public interest in having a functioning grand jury system would be harmed by allowing Dole to speak about grand jury matters. The state has a compelling interest in protecting witness intimidation, in preventing witness intimidation. Allowing Dole to expose information about any of the witnesses in the matters that she sat on or their families could result in harm to them. So if grand jury secrecy is as sacrosanct as you suggest, how is it that the prosecutor was allowed to release grand jury transcripts? I would say two things in response to that, Your Honor. I do not know if the law required the prosecutor to disclose any of the information here. That's not a clear and settled issue of Missouri law. I would also say that the prosecutor did not take the same oath that the grand juror did, and that there is a very strong public interest here that one county prosecutor did not have the power to waive, and that remains very strong. Witnesses would be unwilling or be very reluctant to come forward if their personal information or information about their families could be shared publicly. So I think their argument may be a little more nuanced, and your response may well be the same as you opened with. But I think their argument is, having disclosed a lot of grand jury information, the secrecy interest is not as great as it normally would be. So what's your response to that? I don't know that I agree with that, Your Honor. If you look at the interests that are behind grand jury secrecy that the United States Supreme Court has recognized, I would also say that, as is in my brief, not everything was transcribed. The deliberations, of course, were not transcribed. And the Missouri Court of Appeals looked at this and said that giving a grand juror unrestrained ability to share her interpretation of what happened and was presented to the grand jury would completely destroy the idea of secrecy. I know that there are documents that were released and that are out there. I freely admit that, but there is a lot of difference between a cold transcript and between permitting a grand juror who is such an intimate part of the process and the deliberations and to compare matters to which this grand juror was on the grand jury before this for six months heard hundreds of matters which is alleged in the complaint. And there's been no argument that the curtain's been drawn back on any of those matters. Grand jury witnesses would be less likely to testify fully and freely if they were willing to come forward and cooperate at all if grand juror secrecy and grand jury secrecy was not enforced. They would be open to retribution and social stigma. That's especially true in controversial and highly sensitive matters such as the death of Michael Brown. Now grand jury witnesses under Butterworth and other cases, those witnesses have a recognized First Amendment right to speak about what they saw and matters that they knew before they came and testified to the grand jury. But even in that situation, a grand juror witness has no First Amendment right to speak about the testimony of other grand jury witnesses. I think it's helpful to consider that. The grand jurors, people serving on grand juries past and future, and those fellow grand jurors have an interest that's at stake here. The courts have recognized that revealing the identities or the addresses of grand jurors could lead to retaliation, could risk that the accused or their friends or associates could try to influence grand jurors to vote against indicting somebody. Doe's fellow grand jurors were promised, and this is made very clear under Missouri law, that their identities and where they live, their personal information, is protected by law. Allowing Doe to expose her fellow grand jurors could jeopardize their safety. People will be reluctant to actively engage and truthfully engage in grand jury deliberations, especially in highly sensitive matters. If they know that one of their fellow grand jurors can talk about what they or their fellow grand jurors said, accurately or inaccurately, it would be harder to find people willing to serve on grand juries in the future. So what's your response? I think in their opening argument, Ms. Wilcox suggested that this could be more narrowly tailored, that we could agree that she would not discuss the names of other jurors or other specific items, maybe identifying the names of witnesses. Do you have any response to the suggestion of perhaps limiting what she could disclose? I do, Your Honor. Grand Juror Doe did not allege in her complaint that she wanted to make limited or specific disclosures. She did not ask the court for leave to make such disclosures. And if you look at the interests that are involved here of the witnesses of grand jurors past and future, the public interest, if you look at the interests of innocent people, including in the extended grand jury proceeding, who were not indicted, those all counsel against giving Doe a First Amendment right, even if it's limited. And how would – there would be no feasible way to police that and to ensure that Doe starkly limited her disclosures to what the court's order said. If the horse is out of the barn, there are countless people who could be very deeply and irreparably harmed. And there is no authority that I could find and no authority cited in Doe's brief that warrants creating a First Amendment right and allowing her to speak about grand jury matters. Counsel, you said earlier that there is no balancing test applicable here. But the district court did engage in some balancing, or at least mentioned it in the analysis and said that the balancing of the juror's desire to reveal information is outweighed by the interest of the state. Was that unnecessary? I believe that it was unnecessary, Your Honor, but if I am incorrect about that, I believe that the district court is correct that the balance would far outweigh Doe's desire to speak, that the balance of interest would far weigh in favor of the grand jurors, the grand jury system's continued ability to function, innocent persons, all the persons who are protected by grand jury secrecy. So what is the legal test that we should apply? If it's not balancing, what is it? Can you summarize the legal test here that we should apply to this complaint? Because it is a motion to dismiss, Your Honor, and because there is no First Amendment right for a grand juror to speak of the matters that grand juror Doe wishes to speak on, I believe that it is governed by Iqbal and that it's de novo reviewed by this court, but that her complaint does not state a plausible claim for relief. I believe that that would be the correct standard to apply. Was it your argument that the prosecutor himself or herself has the unilateral decision as to how much to reveal about the grand jury's proceeding? That is not my argument, Your Honor. Well, I don't know. I don't know what else your argument is. My argument, Your Honor, is that grand juror Doe has no First Amendment right to speak about any of the matters. In other words, notwithstanding what a prosecutor might do to any effect run counter to that, the prosecutor's decision is beyond our power to make judgment on? I believe that what the prosecutor did has no bearing on the fact that the complaint failed to state a plausible claim for relief, Your Honor. And it was lacking in what particular regard? In that there is no legal authority, no court has recognized a right for grand jurors to speak about information that they obtain access to by participating as a grand juror. So then, if that's the law, then the prosecutor has the unilateral power to decide how much to reveal to protect the prosecutor's own standing in the community? That is not what I am saying. That's your argument. The essence of it is, though, given the facts of this case. If it came across that way, that was not what I intended to convey, Your Honor. Well, a good response, a good response. In other words, and the further response would be, well, I guess that's all you need to say, right? So we're getting back to the question that Judge Grunder raised earlier. I don't know if he used the words diminished interest in secrecy. Is there such a test, a diminished interest in secrecy? I acknowledge that in some other contexts, in some cases that have been brought under Rule 6E or that have involved the Office of Independent Counsel, which I believe are factually and legally quite different from this case, I acknowledge that in those situations where certain documents or information have been public, for example, if there has been a criminal prosecution, in which case various testimony and documents will necessarily be public because those proceedings are open to the public, then in those cases that has been considered in Rule 6E and other contexts. I do acknowledge that. But that's not this case. It's also worth considering that another grand jury could potentially receive additional evidence or testimony. There's nothing that would stop the prosecutor or potentially the United States Department of Justice from having another grand jury take a look at some matter related to the death of Michael Brown or any matter where there has not been an indictment. It would be unjust for this court to allow Doe to speak about the grand jury's investigation of the innocent. As the court knows from the complaint, the grand jury that Doe sat on considered hundreds of matters. The public has a right to functional grand juries. In Zink, the court looked at the fact that certain matters are traditionally closed. Preliminary hearings are traditionally open, but grand jury proceedings are not. In Zink, this court concluded that the practical effect of public disclosure would likely be frustration of the State of Missouri's ability to carry out and execute death sentences, lawful sentences. Here, allowing Doe to speak about grand jury matters, what is a practical matter frustrate the functioning of Missouri's grand jury system? Let me ask one question. Your argument basically is the First Amendment doesn't apply to grand jurors in this situation. What's your authority for that? My authority for that, Your Honor, is that grand jury proceedings are traditionally closed. I look at—I could not find a case where a court specifically on point looked at, okay, should we allow this grand juror to breach the wall of secrecy and give him or her a First Amendment right like is being sought here? Maybe there's a case out there that I didn't find, but I could not find one. So I have no case such as that that I was able to cite to the court. But the United States— Did you look at perhaps the status of grand juries at the time the First Amendment was adopted? I went back into the 19th century in Missouri, Your Honor, but I am not an expert on the status of grand juries at the time that the First Amendment was adopted. Thank you. Thank you. Thank you. Please, the Court. So from plaintiff's perspective, the First Amendment does apply to grand juries. And what we look at for that is there is case law that says that grand juries operate within the limits of the First Amendment as well as other constitutional provisions, and that should apply here equally. There is a balancing test. And in response to one of the questions that was raised in the opening argument— What's your authority that the First Amendment does apply? Cases such as Butterworth, which I know is not directly on point because it was a witness but is the most analogous case we have, has language in it that very generally says that grand juries do operate within the limits of the First Amendment. Let me ask you, did you look back at all to see how grand juries operated at the time the First Amendment was adopted? I believe when grand juries were first adopted, and this would be before the First Amendment was adopted, but they were not in secret, and that came at a later time. And they have evolved over time. And I do think that there is—there are cases that discuss— and I don't have a direct answer to that about what it was at that specific time. They have lost their—a lot of the interest in secrecy have been diminished over time. And in fact, in the government's own filings below with the circuit court to release this information, acknowledged that some of the interest in transparency have gone away over time and that grand juries are not as secret as they once were. So I do think that has evolved. In response, to go back a little bit to my opening argument, in responding to a motion to dismiss, we could not go beyond the pleadings, and so there could not be further specification because the trial court was just looking at what was pled and taking those allegations as true. We agree that typically grand juries are sacrosanct, and that is why this is an as-applied challenge and the balancing test needs to be done here in this case under these very specific, unprecedented, and probably never-to-occur-again circumstances,  and we're just arguing here not that there are not secrecy interests, of course, or not even that they're not compelling, but that they've been diminished to such an extent that Grand Jury Doe should have an opportunity to say something publicly, and right now she can say nothing, and that was sufficiently alleged in the complaint. Wouldn't the burden be on you to suggest more limited things that she could say, rather than pleading a blanket pleading that she can say what she wants to say? What the pleading does is point out the categories of speech that she would like to say, and that the current law, the way it is, prohibits her from saying anything. Being more specific in the pleadings themselves could violate the oath that she took to not speak publicly, and then... And we believe that the pleadings do allege by category, and if we look back, I mean, I can point to certain paragraphs, but she does allege that the presentation of evidence to the grand jury differed in certain ways than it did from other proceedings, that the state's counsel to the grand jury in the Wilson investigation differed, that from her perspective, and these are all from her perspective, of course, that there was a stronger focus on the victim, that the presentation of law was muddled and untimely. And finally, she simply alleges that she can't... And some speech should be allowed, and I think she's sufficiently laid out the categories without getting into specificity that could breach that oath, and responding to a motion to dismiss can't get into any more specificity. Here the prosecutor told a story, and the only people who can challenge that narrative are silenced, and that cannot be the law. If there are no further questions, I'd ask... Let me just ask a basic question. Does the complaint explain why she wants to disclose this? It does. She would like to help... I mean, she knows the truth about the matter. She knows what occurred. Nothing has been withheld from her. She was there. She can compare her own recollection with what the prosecutor may be saying publicly. So as far as she's concerned, doesn't that satisfy any personal interests that she might have? The personal interests she has right now to speak are simply that she... But she would like to come out publicly and say that because she was one of the grand jurors in the room and the government has spoken and interpreted what was presented to those jurors, she would like to come out and help educate the public on that process and what happened there in a manner that can be limited by the district court, as far as what she can say. So being silenced does not allow her the opportunity to come forward and make any statement, either challenging or agreeing with or confirming anything that the government has already put forward. She's completely silenced. The government has put thousands of pages of documents and transcript out. And the bottom line is that their interest in secrecy, because of those actions, are diminished to the point that she should be allowed to speak for whatever reason, but to be able to come forward and say what she wants to. And she has... There are allegations pled about educating the public and moving the conversation forward about racial discussions and how grand juries are operated. In fairness to the prosecutor, he did redact all publicly released information to protect the names of the witnesses. It wouldn't be fair for us to argue that, well, given what he did release, it sort of diminished any further interest in the public hearing anything more than a... In other words, the prosecutor did attempt to stay within the bounds of secrecy. Not in your view, but generally in the district court's view, perhaps. I think you have to look at what has to be balanced. And there are categories of speech, maybe, that could still be limited. I understand what you're saying, that the government did redact witness names and took out sensitive information. There's no allegation that our client wants to release that information.